```
UNITED STATES DISTRICT COURT                          C/M
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                  :
ROBERT ANTON WILLIAMS, JR.,                       :
                                                  :
                       Plaintiff,                 :   **DECISION AND ORDER**
                                                  :
           - against -                            :   14 Civ. 5082 (BMC)
                                                  :
NEW YORK CITY DEPARTMENT OF                       :
CORRECTIONS; CAPTAIN SMITH, Badge                 :
#1394; MEDICAL CLINIC STAFF AT GEORGE             :
R. VIERNO CENTER; DOCTOR ADEYEMI                  :
WILLIAMS PA; DOCTOR CARLOTA                       :
JOHN-HALL PA; DOCTOR DANKI,                       :
                                                  :
                       Defendants.                :
----------------------------------------------------------------- X
```

**COGAN,** District Judge.

On August 26, 2014, plaintiff Robert Anton Williams, Jr., currently incarcerated at the Brooklyn Detention Complex, filed this *pro se* action against defendants pursuant to 42 U.S.C. § 1983. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). The complaint is dismissed in part as set forth below.

## BACKGROUND

Plaintiff alleges that while detained on Rikers Island, prison officials and medical staff failed to provide him with adequate and timely medical treatment and also deprived him of his prescribed medication. Specifically, plaintiff alleges that (a) on June 5, 2014, defendant Captain Smith delayed for over eight hours in taking him to the medical clinic after he fell in the shower around 11:00 a.m.; (b) at the clinic, he experienced further delay as he was not seen by Dr.

Williams until 4:20 a.m. and he was only given an ice pack for his injury; (c) Dr. John-Hall and Dr. Danki failed to provide him with his blood-pressure medication from June 3, 2014 through June 11, 2014; and (d) on June 7, 2014, he collapsed in the hall, but was not immediately taken to the hospital.

## STANDARD OF REVIEW

In reviewing the complaint, the Court is mindful that plaintiff is proceeding *pro se* and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 175 (1980); accord Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). A complaint, however, must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." Id.

Nonetheless, the Court must screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint or any portion of the complaint if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. §1915A(a) & (b)(1). See Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Moreover, pursuant to the *in forma pauperis* statute, the Court must dismiss the action if it determines that it is "(i) frivolous or malicious, (ii) fails to state a claim upon which relief may

be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

In order to maintain an action under 42 U.S.C. § 1983, a plaintiff must allege two essential elements. First, that "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). Second, that "the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Id. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993).

### A.     New York City Department of Correction

Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter § 396 (2009). That provision "has been construed to mean that New York City departments [and agencies, such as the Department of Correction ("DOC")], as distinct from the City itself, lack the capacity to be sued." Ximines v. George Wingate High Sch., 516 F.3d 156, 160 (2d Cir. 2008) (*per curiam*); see also, Adams v. Galletta, 966 F.Supp. 210, 212 (E.D.N.Y. 1997) (DOC not a suable entity); David v. G.M.D.C., No. 01 Civ. 6931, 2002 WL 31748592, at *3 (S.D.N.Y. Dec. 6, 2002) (dismissing prisoner's civil rights complaint against George Motchan Detention Center on Rikers Island because it is not a suable entity).

Even if the Court were to construe the complaint as including a claim against the City of New York ("City"), such a claim should be dismissed. It is well-settled that a municipality can only be sued under § 1983 if the alleged injury was the result of an official policy, custom, or practice of the municipality. Monell v. Dep't of Social Servs. of the City of New York, 436 U.S. 658, 692 (1978); see also Connick v. Thompson, 131 S.Ct. 1350, 1359 (2011) (municipalities can be held liable for "practices so persistent and widespread as to practically have the force of law"); Plair v. City of New York, 789 F.Supp.2d 459, 469 (S.D.N.Y. 2011) ("Following Iqbal and Twombly, Monell claims must satisfy the plausibility standard . . .."). Plaintiff, however, has not alleged any policy, custom, or practice on the part of the City that might plausibly have caused any of his alleged constitutional injuries.

At most, plaintiff may be attempting to state a claim of negligence against the City for allegedly failing to repair the "hazardous hole in [the] shower" that caused plaintiff to slip and fall. Allegations of negligence by prison officials do not rise to the level of a constitutional violation under the Eighth Amendment or the Fourteenth Amendment. See County of Sacramento v. Lewis, 523 U.S. 833, 849, 118 S. Ct. 1708, 1718 (1998) ("the Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process"); Farmer v. Brennan, 511 U.S. 825, 836, 114 S. Ct. 1970, 1978 (1994) (Eighth Amendment); Daniels v. Williams, 474 U.S. 327, 328, 106 S. Ct. 662, 663 (1986) (Fourteenth Amendment). Furthermore, "[c]ourts have regularly held . . . that a wet or slippery floor does not pose an objectively excessive risk to prisoners." Johnson v. New York City Dep't of Correction, No. 10 Civ. 338, 2010 WL 2426017, at *1

(E.D.N.Y. June 11, 2010) (citing Sylla v. City of New York, No. 04 Civ. 5692, 2005 WL 3336460, at *3 (E.D.N.Y. Dec. 8, 2005) (collecting cases)).

Thus, even if plaintiff had properly named the City in this action – which he did not – the Court would be required to dismiss any Monell claims against it. The complaint is dismissed as to the DOC for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

**B.    Medical Clinic Staff at George R. Vierno Center (GRVC)**

As a prerequisite to a damage award under 42 U.S.C. § 1983, a plaintiff must allege the defendant's direct or personal involvement in the alleged constitutional deprivation. "It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (citing Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006) (citations omitted)). Here, plaintiff alleges the personal involvement of Captain Smith, Dr. Williams, Dr. John-Hall, and Dr. Danki in the alleged constitutional deprivation, but he fails to allege how the "Medical Clinic Staff at GRVC" – other than those individuals already named – deprived him of his constitutional rights. To that end, the complaint is dismissed against the Medical Staff at GRVC with leave to amend within the time allowed under Rule 15 of the Federal Rules of Civil Procedure, if plaintiff can identify additional individuals with personal involvement in the claims he seeks to present in this complaint.[1]

---

[1] If other individual medical staff were personally involved in the claims he seeks to present, plaintiff must identify each defendant by name or as John/Jane Doe along with place of employment, date, time and location, and a physical description of each individual.

## CONCLUSION

The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). The complaint, filed *in forma pauperis*, is dismissed as to the New York City Department of Correction and the Medical Clinic Staff at the George R. Vierno Center for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). No summons shall issue as to these defendants and the Clerk of Court shall amend the caption to reflect the dismissal of these parties.

The complaint against Captain Smith, Badge #1394, Dr. Adeyemi Williams, Dr. Carlota John-Hall, and Dr. Danki, all employed by the New York City Department of Correction at the George R. Vierno Center on Rikers Island, shall proceed. The Clerk of Court shall issue a summons against these defendants and the United States Marshals Service is directed to serve the summons, complaint and a copy of this Decision and Order upon these defendants without prepayment of fees. The Clerk of Court shall mail a courtesy copy of the same papers to the Corporation Counsel for the City of New York, Special Federal Litigation Division.

The case is referred to the Honorable Lois Bloom, United States Magistrate Judge, for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.

**SO ORDERED.**

_____
U.S.D.J.

Dated: November 4, 2014
      Brooklyn, New York