| UNITED STATES DISTRICT COURT | | C/M |
|---|---|---|
| EASTERN DISTRICT OF NEW YORK | | |

---------------------------------------------------------- X
:
ROBERT ANTON WILLIAMS, JR., :
: **MEMORANDUM**
Plaintiff, : **DECISION AND ORDER**
:
- against - : 14 Civ. 5082 (BMC)
:
NEW YORK CITY DEPARTMENT OF :
CORRECTIONS, ET AL., :
:
Defendants. :
:
---------------------------------------------------------- X

**COGAN, District Judge.**

Plaintiff *pro se* is a serial litigant who has brought a number of cases under 42 U.S.C. § 1983 challenging his treatment while in custody. The issue in this action is whether prison employees' alleged inattention to an injury and medication requirements rises to the level of cruel and unusual punishment under the Eighth Amendment. I hold that plaintiff has failed to raise an issue upon which a jury could find more than ordinary negligence, if that, and therefore grant defendants' motion for summary judgment.

## BACKGROUND

Plaintiff has two unrelated claims of deliberate indifference to his medical needs. The first claim arises out of a slip and fall in the prison shower and, viewing the facts most favorably to plaintiff, consists of two components. The first part of that claim is that defendant Captain Smith had been advised by other prisoners of plaintiff's slip and fall but, despite that knowledge, did not speak to plaintiff about his injury until about three hours after the fall. It took 17 hours from the time of plaintiff's fall to treat him for his pain (although he was transported to the clinic

about nine hours after he fell). The second part of that claim is that the prison doctor, defendant Adeyemi Williams, mistreated plaintiff by giving him only an ice pack and aspirin. Plaintiff asserts that because of the delay and inadequate treatment, "scar tissue developed and degenerative osteoarthritis set in."

The second claim is that on a different but overlapping date, defendant Dr. Carlota John-Hall, after checking with the pharmacy, denied plaintiff additional blood-pressure medication because the pharmacy told her that he had already been allotted his blood pressure medication for that period and he was not due for a refill for seven days. This was despite plaintiff's complaint that he was having chest pain and shortness of breath. Four days later, plaintiff reiterated his continuing symptoms to defendant Dr. Danki, who again confirmed with the pharmacy that plaintiff had already received his allotted blood pressure medication for the period and was not due for a refill for another five days. However, that same day, plaintiff fainted and had to be taken to the hospital.

**DISCUSSION**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548 (1986); see also Fed. R. Civ. P. 56(c). A genuine issue of material fact exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505 (1986). The court must construe the facts in the light most favorable to the non-moving party, and all reasonable inferences and ambiguities must be resolved against the moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475

2

U.S. 574, 106 S. Ct. 1348 (1986). However, the non-moving party may not "rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment," Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 12 (2d Cir. 1986), but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita, 475 U.S. at 586–88, 106 S. Ct. 1348 (emphasis removed).

In construing plaintiff's response to defendants' motion, I take into account the fact that he is *pro se* and cannot be expected to have the same knowledge of procedural and substantive law as would an attorney opposing a motion. See Brown v. Selwin, 250 F.Supp.2d 299, 306 (S.D.N.Y. 1999) ("Although the same standards apply when a *pro se* litigant is involved, the *pro se* litigant should be given special latitude in responding to a summary judgment motion.") (citation omitted).

The Eighth Amendment to the Constitution, which prohibits the imposition of cruel and unusual punishment, guarantees prisoners humane conditions of confinement, including adequate medical care. See Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970 (1994) ("The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones[.]") (quotation marks and citations omitted). In the prison context, the Eighth Amendment is violated only when the alleged deprivation is "sufficiently serious" and the prison official's act or omission results in the "denial of the minimal civilized measure of life's necessities." Id. at 834 (quotation marks and citations omitted).

Prisoners may assert claims based either on inhumane conditions of confinement or on inadequate medical treatment. A claim for inadequate medical treatment may give rise to a constitutional deprivation where a prisoner alleges "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106,

3

97 S. Ct. 285 (1976) (establishing the standard applicable to treatment of convicted prisoners under the Eighth Amendment). In order to meet this standard, a plaintiff must show both that he was "actually deprived of adequate medical care," and that "the inadequacy in medical care [was] sufficiently serious." Salahuddin v. Goord, 467 F.3d 263, 279–80 (2d Cir. 2006). The plaintiff must also show that the official knew that he faced a "substantial risk of serious harm" and that the official "disregard[ed] that risk by failing to take reasonable measures to abate it." Farmer, 511 U.S. at 847, 114 S. Ct. at 1984.

Neither of plaintiff's claims satisfies the necessary requirements for an Eighth Amendment violation. With regard to his foot injury from his shower fall, the medical records evidence that plaintiff had a sprained big toe. He received an ice pack and anti-inflammatory medication within 24 hours. That does not constitute inadequate medical care, much less that the inadequacy was "sufficiently serious." Salahuddin, 467 F.3d at 280. Plaintiff refers to "scar tissue" and "degenerative osteoarthritis," but the closest entry in the medical records to support such a claim is from when he was admitted after fainting. At that time, he also complained about his foot pain, and the record reflects that "[f]oot x-rays were obtained which showed no evidence of fracture or dislocation, but did show soft tissue swelling and mild-moderate first MTP joint osteoarthritis." The hospital physician recommended nothing more than "[r]est and pain relief with acetaminophen."

Plaintiff's allegation that it he suffered degenerative osteoarthritis as a result of the fall is not borne out by the record but, even it if were, there is no evidence from which to make the further leap that this condition was caused by the inadequacy of the medical care, which is the focus of the inquiry under the Eighth Amendment. Id. at 279–80 ("[P]rison officials who act reasonably [in response to an inmate-health risk] cannot be found liable under the Cruel and

4

Unusual Punishments Clause.") (quoting Farmer, 511 U.S. at 845, 114 S. Ct. 1970). Moreover, the fact that plaintiff was treated within 24 hours for an injured toe negates the ability of a reasonable jury to find "deliberate indifference," and the record shows that prison authorities continued to treat plaintiff for his complaints about his toe in the months following his slip and fall. Plaintiff's assertion that prison officials are to blame is mere speculation, and it is insufficient to defeat summary judgment. See Knight, 804 F.2d at 12.

The bottom line is that a sprained toe, even with preexisting mild-moderate arthritis, which is treated within appropriately 24 hours of the injury, is simply not a severe enough situation to support a claim that prison authorities have violated the Eighth Amendment. See Bilal v. White, 494 F. App'x 143, 145 (2d Cir. 2012) ("temporary delay or interruption in the provision of otherwise adequate medical treatment" not sufficient to allege Eighth Amendment violation); Allen v. Ford, 880 F. Supp. 2d 407 (W.D.N.Y. 2012) (prisoner required to wait until morning to receive treatment for burn with severe blistering failed to make out Eighth Amendment violation); Williams v. Carbello, 666 F. Supp. 2d 373, 379 (S.D.N.Y. 2009) (negligence in waiting 24 hours to send prisoner to hospital, even if present, not sufficient to rise to Eighth Amendment violation).

Plaintiff's claim of deprivation of his blood pressure medication suffers from the same failure to meet any of the requirements for an Eighth Amendment violation. First, fainting on one occasion, without any serious complications, is not a serious enough injury to implicate Eighth Amendment concerns. See Smith v. Carpenter, 316 F.3d 178, 187 (2d Cir. 2003) ("[I]n most cases, the actual medical consequences that flow from the alleged denial of care will be highly relevant to the question of whether the denial of treatment subjected the prisoner to a significant risk of serious harm."). Even if the Eighth Amendment was implicated, plaintiff has shown no

evidence that his fainting and related symptoms were caused by the failure to give him additional blood pressure medication – as opposed to, for example, the possibility that he had taken too much of his blood pressure medication, or that he had an allergic reaction to it, which could also cause the dizziness, chest pain, and fainting of which he complained.[1]

Plaintiff has thus alleged nothing more than the potential that medical errors were committed that caused him some discomfort. There is nothing at all to suggest the degree of recklessness that elevates what is at most potential medical malpractice to the kind of deliberate indifference that the Eighth Amendment prohibits. There is no dispute that the pharmacy log did in fact show that plaintiff had received his allotment of blood pressure medication for the week, and thus all that the physician-defendants did was administer care in accordance with the records. Even if the log was wrong (and plaintiff offers no evidence that it was), prison officials and particularly prison health care providers have to be cautious in dispensing extra doses of medications in the prison environment, as the potential for abusing medication is obvious and it is far from unknown that prisoners will embellish their need for medication.

Federal courts hearing Eighth Amendment claims have to be careful not to act as super-review boards for the administration of medical treatment in the custodial environment. The Eighth Amendment only becomes implicated in cases of gross abuse or neglect. See, e.g., Archer v. Dutcher, 733 F.2d 14, 16–17 (2d Cir. 1984) (officials deliberately delayed care as form of punishment for violations of discipline code or other invalid reasons); Hathaway v. Coughlin, 841 F.2d 48, 50–51 (2d Cir. 1988) (officials delayed arranging corrective hip surgery for over two years).

---

[1] The medical records show that plaintiff was taking lisonopril, which can have such effects. See RxList, Privinil Side Effects Center, http://www.rxlist.com/prinivil-side-effects-drug-center.htm.

For both of his claims, plaintiff has, at most, demonstrated a disagreement about the level and type of care he should have received. That is not something upon which a reasonable jury could find Eighth Amendment violations. See, e.g., Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998) ("So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation."); Sonds v. St. Barnabas Hosp. Corp. Servs., 151 F.Supp.2d 303, 312 (S.D.N.Y. 2001) (citing Estelle v. Gamble, 429 U.S. 97, 107, 97 S. Ct. 285 (1976)) (disagreements over treatment or medication alone do not implicate the Eighth Amendment). Plaintiff offers no alternative course of treatment for his toe except he would have liked it to be treated faster, and he has no argument as to why the prison doctors should have given him an over-prescription of blood pressure medication when the records showed he had received his required dose.

## CONCLUSION

Defendants' motion for summary judgment is granted. The Clerk is directed to enter judgment dismissing the complaint. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917 (1962).

**SO ORDERED.**

                                                          U.S.D.J.

Dated: Brooklyn, New York
       January 31, 2016